Curia, per O’Neall, J.
In these cases, after much examination, and a careful consideration of every argument in favor of the plaintiff, we have been compelled to sustain the circuit decision. In doing so, we are sensible of the hardship which results in these cases ; but we have no right to stay the descent of the *31 sword of justice, because it may strike unsparingly; or to hold up, by sheer force, the scale, because the law may preponderate over our notions of abstract justice. For us, it is sufficient, that we find the law to be against the plaintiff. On another occasion, its justice may be as transparent as light, and its wisdom so plainly written, that he who runs may read it. The acts of 1785 and 1809, have turned bail to the’ sheriff into bail to the action, or special bail: Loker v. Antonio, 4 M’Cord., 177; Harwood v. Robertson, 2 Hill., 336. The first of these acts merely prevents the plaintiff from proceeding against the bail to the sheriff, until judgment and execution against the principal, and a return of non est inventus, or nulla bona, by the sheriff. The act of 1809, p. 30, provides, in the 3d section, “ that in all actions hereafter to be brought, wherein the defendant or defendants shall be held to bail by the sheriff serving the writ or process, the bail so given to the sheriff shall be entitled to all the rights, privileges and powers of special bail, and may surrender his principal in discharge of himself, or the principal surrender himself in discharge of his bail, in the same manner, and to the same extent, as special bail are now entitled to; any law, usage or custom to the contrary, in any wise, notwithstanding.” In the 4th section, it is provided, “ that it shall not be necessary hereafter for any bail to obtain a judge’s order for leave to surrender his principal.” The act of 1827, 3d section, р. 81, can have no application to the- case before us. It authorises the clerks, justices of the quorum, and the judges, to grant orders for bail, pending the suit. But no such order was made in the case before us. The order for bail was made when the writ issued. The case must therefore be decided without any reference to that act. By the act of 1809, the original bail had the right to surrender, which he exercised; and thereupon he was discharged, and the defendant, Davis, left in custody of the sheriff. Having no peculiar law of our own, the question would be naturally asked, what, in a similar case, would be done in England? By referring to Petersdorff’s Abridgment, 2d vol., tit. Bail, 7 sec., p. 99,1 find, that, until the statute of 43 Geo. III., с. 46, § 6, it was doubted, whether a prisoner could be let to báil in vacation, by putting in and justifying bail before one of the *32 judges. ' Since that statute, it has been decided, that bail may be putin and perfected (before one of the judges), at any time pending the suit, or even after verdict. But, it is clear that, at no time, could the sheriff, after the return of the writ, let the defendant to bail. The statute 43 Geo. III., c. 46, § 6, not being of force here, it may well be doubted whether, after surrender by bail, there is any power which can again let the defendant to bail. If there is, it must be upon the defendant’s entering into a recognizance of special bail, before some justice of the quorum, or clerk of thé court, who, by the act of 1791, (1 Faust., 167,) are constituted commissioners of special bail, and obtaining thereupon a judge’s order for his discharge. These observations are, really, unnecessary to this case; they are made with a hope that they may lead the minds of others to think upon the subject, and thus to bring about some plain remedy for an obvious defect in the administration of justice. This action is not brought oñ a recognizance of special bail; it is on the commcin bail-bond to the sheriff, conditioned for the appearance of the defendant on a day after the return of the writ. The condition of the bond is not, therefore, that the defendant shall “ appear at the day contained in the said writ,” and is declared to be void, by the statute 23 Henry VI., c. 9. In 2 S.aund., note 3, 60 a., it is said, “ the bond must also be taken by the sheriff, before the return of the writ, otherwise it is void:" Pullein v. Benson, 1 Ld. Raym., 352. In Thomson v. Rock, 2 Petersdorff’s Abridg., 94, it is said by the court, that “ the sheriff had undoubtedly no authority to take a bond for appearance, after the return-day was past.” These authorities are so clear against the plaintiff, that it is unnecessary to pursue the subject any further. The motion, to set aside the nonsuit, is dismissed.
Griffin and Burt, for the motion.
Wardlaw and Bausket, contra.
Evans, Eakle, Butler and Richardson, Justices, concurred.
Gantt, J., dissented.